**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- X
MD ABDUR ROB, MOJAMMEL HOSSAIN, and    :
MOHAMMAD ISMAIL, on behalf of themselves    :
and all other similarly-situated employees,    :
   :
   :
              Plaintiffs,    :   Civil Action No.
   :
         v.    :
   :   **COLLECTIVE AND CLASS**
JAGAT ISLAND CORP., UNION ISLAND CORP.,    :   <u>**ACTION COMPLAINT**</u>
RAM JAN OIL CORP., MARCY AVENUE    :
ISLAND CORP., JAMAICA ISLAND CORP.,    :
EASTERN ISLAND INC., FLUSHING ISLAND    :   <u>**Jury Trial Demanded**</u>
CORP., COOPER ISLAND INC., HOLLIS    :
ISLAND CORP., JAMAICA GAS CORP., ANJALI    :
OIL COMPANY INC., RAM JAN, in his individual    :
and professional capacities, RAMESH SINGLA, in    :
his individual and professional capacities, and RAJ    :
SINGLA, in his individual and professional    :
capacities,    :
   :
              Defendants.    :
---------------------------------------------------------------- X

Plaintiffs MD Abdur Rob, Mojammel Hossain, and Mohammad Ismail ("Plaintiffs"), on

behalf of themselves and all other similarly-situated employees, by and through undersigned

counsel, Wigdor LLP, as and for their Collective and Class Action Complaint in this action

against Defendants Jagat Island Corp., Union Island Corp., Ram Jan Oil Corp., Marcy Avenue

Island Corp., Jamaica Island Corp., Eastern Island Inc., Flushing Island Corp., Cooper Island

Inc., Hollis Island Corp., Jamaica Gas Corp. and Anjali Oil Company Inc. (together, "Corporate

Defendants"), and Ram Jan, Ramesh Singla and Raj Singla, in their individual and professional

capacities (together "Individual Defendants") (collectively, "Defendants"), hereby allege as

follows:

## NATURE OF THE CLAIMS

1.       The Individual Defendants, who own and operate eleven (11) BP gas stations located in Brooklyn and Queens, have flagrantly committed numerous wage and hour violations against Plaintiffs and the class and collective of Cashiers, Attendants and Gas Pumpers that Plaintiffs seek to represent, who have dutifully and loyally worked for and devoted the vast majority of their waking hours to them for years.

2.       The Individual Defendants have preyed on Plaintiffs and the class and collective Plaintiffs seek to represent, who consist mainly of immigrants who have come to this country with the hopes of leading a better and more prosperous life for themselves and their families, but instead have been taken advantage of by being deprived of their hard earned wages and other benefits.

3.       The Individual Defendants' actions were knowingly made, intentional and wanton.  In fact, the Individual Defendants "trained" Plaintiffs and members of the class and collective Plaintiffs seek to represent to lie to federal and state labor officials, by directing them to they tell such officials, if asked, that they only work 40 hours per week, even though they actually routinely work at least 72 hours per week, and are paid **no** overtime for hours above 40. This is just one of a host of illegal wage practices the Individual Defendants have perpetrated with impunity.

4.       The Individual Defendants also issue fraudulent and deceitful tax forms to Plaintiffs and the class and collective Plaintiffs seek to represent, as a charade to appear to federal and state taxing authorities that they run a legitimate business and lawfully pay their employees.

2

5.      The Individual Defendants employ the same wage and hour policies and practices with respect to all of their employees over each of their 11 gas stations, despite stealthily incorporating each station under separate names to seem as if each corporate entity stands alone.

6.      This action seeks to bring an end to Defendants' brazen and unlawful wage and hour practices, and to procure redress to Plaintiffs and the members of the class and collective that Plaintiffs seek to represent, who have all been disturbingly taken advantage of for years.

7.      To wit, Plaintiffs bring this action, on behalf of themselves and on behalf of all other similarly-situated employees, to recover: (a) minimum and overtime wages which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 650 *et seq.*; (b) wages earned in accordance with the agreed terms of employment which Defendants failed to pay in violation of NYLL § 191 *et seq.*; (c) unlawful wage deductions in violation of NYLL § 193 *et seq.*; (d) damages concerning Defendants' failure to provide accurate wage statements and yearly notifications and acknowledgements of wage rates in violation of NYLL § 195 *et seq.*, and the New York Codes, Rules and Regulations ("NYCRR"), 12 NYCRR § 141; (e) "spread of hours" payments which Defendants failed to pay in violation of 12 NYCRR § 142; and (f) payments Defendants failed to make for maintaining and cleaning uniforms in violation of the 12 NYCRR § 146.

## JURISDICTION AND VENUE

8.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

9.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

10.     Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other similarly-situated persons who were employed by Defendants during the full statute of limitations period (the "FLSA Collective Period"). Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

11.     Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of themselves and all other similarly-situated persons who were employed by Defendants during the full statute of limitations period (the "NYLL Class Period"). Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

## PARTIES

12.     Plaintiff MD Abdur Rob is a resident of New York State, and was employed by Defendants as a Cashier, Attendant and Gas Pumper from in or around February 2011 through March 2016, working mainly at the BP gas station located at 239 Union Avenue, Brooklyn, New York 11206. At all relevant times, Mr. Rob was an "employee" within the meaning of all applicable statutes. A Consent to Participate as a Plaintiff in this action executed by Mr. Rob will be filed with the Court.

13.     Plaintiff Mojammel Hossain is a resident of New York State, and was employed by Defendants as a Cashier and Attendant from in or around September 2007 through June 2016, working mainly at the BP gas station located at 239 Union Avenue, Brooklyn, New York 11211. At all relevant times, Mr. Hossain was an "employee" within the meaning of all applicable

statutes.  A Consent to Participate as a Plaintiff in this action executed by Mr. Hossain will be filed with the Court.

14.     Plaintiff Mohammad Ismail is a resident of New York State, and was employed by Defendants as a Cashier and Attendant from in or around March 2007 through November 2011, mainly at the BP gas stations located at 239 Union Avenue and 152 Union Avenue, both in Brooklyn, New York.  At all relevant times, Mr. Ismail was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Mr. Ismail will be filed with the Court.

15.     Defendant Jagat Island Corp. is a New York domestic corporation located at 239 Union Avenue, Brooklyn, New York 11211, owned and operated by the Individual Defendants.

16.     Defendant Union Island Corp. is a New York domestic corporation located at 152 Union Avenue, Brooklyn, New York 11206, owned and operated by the Individual Defendants.

17.     Defendant Ram Jan Oil Corp. is a New York domestic corporation located at 2111 Atlantic Avenue, Brooklyn, New York 11233, owned and operated by the Individual Defendants.

18.     Defendant Marcy Avenue Island Corp. is a New York domestic corporation located at 1982 Utica Avenue, Brooklyn, New York 11234, owned and operated by the Individual Defendants.

19.     Defendant Jamaica Island Corp. is a New York domestic corporation located at 32 Jamaica Avenue, Brooklyn, New York 11207, owned and operated by the Individual Defendants.

20.     Defendant Eastern Island Corp. is a New York domestic corporation located at 1463 Eastern Parkway, Brooklyn, New York 11233, owned and operated by the Individual Defendants.

21.    Defendant Flushing Island Corp. is a New York domestic corporation located at 655 Flushing Avenue, Brooklyn, New York 11206, owned and operated by the Individual Defendants.

22.    Defendant Cooper Island Inc. is a New York domestic corporation believed to be located at 6515 Cooper Avenue, Glendale, New York 11385, owned and operated by the Individual Defendants.

23.    Defendant Hollis Island Corp. is a New York domestic corporation located at 205-33 Hollis Avenue, Jamaica, New York 11412, owned and operated by the Individual Defendants.

24.    Defendant Jamaica Gas Corp. is a New York domestic corporation located at 784 Jamaica Avenue, Brooklyn, New York 11208, owned and operated by the Individual Defendants.

25.    Defendant Anjali Oil Company Inc. is a New York domestic corporation located at 213-02 Jamaica Avenue, Queens Village, New York 11428, owned and operated by the Individual Defendants.

26.    Defendant Ram Jan is an operator and part-owner of the Corporate Defendants, and in this capacity, has decision-making authority with respect to employee wage and hour and compensation policies and practices.  Upon information and belief, Mr. Jan is a resident of the state of New York.

27.    Defendant Ramesh Singla is an operator and part-owner of the Corporate Defendants, and in this capacity, has decision-making authority with respect to employee wage and hour and compensation policies and practices.  Upon information and belief, Ramesh Singla is a resident of the state of New York.

28.     Defendant Raj Singla is an operator and part-owner of the Corporate Defendants, and in this capacity, had decision-making authority with respect to employee wage and hour and compensation policies and practices.  Upon information and belief, Raj Singla is a resident of the state of New York.

29.     Defendants were and/or remain "employers" of Plaintiffs, the FLSA Collective and the NYLL Class at all relevant times and under all relevant statutes.

## FACTUAL ALLEGATIONS

### Minimum Wage, Overtime and Off-the-Clock Violations

30.     At all relevant times, Defendants told[1] Plaintiffs and the members of the FLSA Collective and NYLL Class that they would be paid at the applicable minimum hourly rate.

31.     Pursuant to NYLL § 652, the minimum wage rate in New York State was $7.15 per hour or higher from January 1, 2007 until December 31, 2013, when it was raised to $8.00 per hour.

32.     Upon information and belief, Defendants began paying their employees at a rate of $8.00 per hour on or about December 31, 2013.

33.     However, upon information and belief, until on or about December 31, 2013, Defendants paid their employees at a wage rate of $7.00 per hour.

34.     As such, Defendants paid their employees below the applicable minimum wage under the NYLL at all relevant times prior to December 31, 2013.

35.     In addition, Plaintiffs and the members of the FLSA Collective and NYLL Class regularly worked over 40 hours in a workweek, and normally 72 hours per week or more.

---

[1]     For ease, this Complaint is written at times in the past tense, but Plaintiffs allege that all allegations of unlawful wage-and-hour violations continue through the present.

36.     Specifically, Plaintiffs Hossain and Rob regularly worked approximately 72 hours per week, usually in 12 hour shifts, six days per week. Plaintiff Ismail also regularly worked approximately 72 hours per week, typically splitting his time between Defendant Jagat Island Corp., where he would work two to three days a week, and Defendant Union Island Corp., where he would work two days a week.

37.     Upon information and belief, Plaintiffs and the members of the FLSA Collective and NYLL Class were paid at the same wage rate ($7.00 per hour before December 31, 2013 and the applicable minimum wage thereafter) for **all** hours worked, including those over 40 per workweek.

38.     As such, Plaintiffs and the members of the FLSA Collective and NYLL Class were never paid at one and one-half times their wage rate for all hours worked over 40 in a workweek.

39.     In addition, Defendants do not maintain a "clock-in" system for their employees.

40.     Plaintiffs and the members of the FLSA Collective and NYLL Class perform a substantial amount of off-the-clock work.

41.     Specifically, Plaintiffs are required to report to work 15-30 minutes before their scheduled "shift" is to begin, and to remain at work 15-30 minutes after their "shift" is to end.

42.     Plaintiffs and the members of the FLSA Collective and NYLL Class's off-the-clock work consisted of, *inter alia*, counting the cash in the cash register, checking and reconciling inventory with sales, and transitioning to and from the employees assigned to the shift prior to or after their own.

43.     This practice of not having a clocking-in or clocking-out procedure, as well as regularly performing work while not technically on their "shift," has resulted in substantial

uncompensated, off-the-clock work performed by Plaintiffs and the members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.

44.     Plaintiffs' time spent off-the-clock counting cash, checking and reconciling inventory, and transitioning between staff constituted time controlled by Defendants, and was for the benefit of Defendants' business.

45.     Plaintiffs' experiences were not unique to one of Defendants' locations, but a common and consistent experience at all of Defendants' locations in which they worked.

46.     Defendants were aware and/or should have been aware that Plaintiffs were working off-the-clock and were not getting paid for that time.

47.     In addition, upon information and belief, Plaintiffs and the members of the FLSA Collective and NYLL Class were told by managers that if officials from the Internal Revenue Service ("IRS") or any other governmental agency spoke to them or asked them questions, they should lie and tell such individuals that they worked only 40 hours per week, and were paid for all hours worked at the minimum wage rate.

48.     Thus, Defendants were unquestionably aware that Plaintiffs and the members of the FLSA Collective and NYLL Class were working more than 40 hours per week, were entitled to overtime wages for hours worked above 40, yet still knowingly paid them less than the applicable minimum wage for 40 hours, and no overtime wages for all hours worked over 40 in a workweek.

49.     Plaintiffs personally observed and were made aware that these same unlawful practices perpetrated against them were perpetrated against all other employees who worked at the locations in which they worked, as well as the other BP gas locations owned and operated by the Individual Defendants.

50.     This uncompensated, off-the-clock work has resulted in Plaintiffs and the members of the FLSA Collective and NYLL Class not being paid the minimum wage for all hours worked for Defendants, in violation of the minimum wage provisions of the FLSA, 29 U.S.C. §§ 201, *et seq.* and the NYLL, §§ 650, *et seq.*

51.     This uncompensated, off-the-clock work, and failure to pay wages at one and one half times the regular hourly rate for hours above 40, has resulted in Plaintiffs and the members of the FLSA Collective and NYLL Class not receiving compensation at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the overtime provisions of the FLSA and NYLL.

52.     At all relevant times, Defendants knew that nonpayment of off-the-clock, straight time and overtime wages would economically injure Plaintiffs, the FLSA Collective, and the NYLL Class and violated federal and state laws.

53.     Plaintiffs' experiences and Defendants' failure to pay Plaintiffs for off-the-clock work is common to all members of the FLSA Collective and the NYLL Class.

**"Spread of Hours" Violations**

54.     Defendants also failed to pay Plaintiffs and the members of the NYLL Class their proper "spread of hours" pay as required under the NYLL.

55.     Specifically, Defendants are required to pay Plaintiffs and the members of the NYLL Class an extra hour of wages at the minimum wage if an employee's shift or shifts span more than 10 hours in a single day.

56.     However, Defendants did not pay Plaintiffs and members of the NYLL Class *any* "spread of hours" pay, and as such, Defendants have violated the NYLL.

**Unlawful Wage Deductions**

57.    Plaintiffs and the members of the NYLL Class regularly had deductions taken from their wages to make up for shortages of cash in the cash register.

58.    Shortages could occur for myriad reasons, including, but not limited to, employee error, a customer leaving without paying for gas, or a prior staff member having stolen or miscounted money in the register.

59.    In the case of shortages, Plaintiffs and the members of the NYLL Class were forced to pay money out of pocket to the register to cover the difference.

60.    These shortages accrued to approximately $50 dollars per week and $200 per month, on average.

61.    These wage deductions were not authorized in writing or made for the benefit of Plaintiff and the members of the NYLL Class, and as such, constituted unlawful wage deductions.

**Wage Statement and Notice of Pay Rate**

62.    Defendants failed to provide Plaintiffs and the members of the NYLL Class *any* wage statements, let alone accurate wage statements, as required under the NYLL.

63.    Specifically, Defendants were required to provide wage statements to Plaintiffs and the members of the NYLL Class containing, *inter alia*, the number of hours worked, including overtime hours worked if applicable.

64.    However, Defendants did not provide any wage statements to Plaintiffs and the members of the NYLL Class.

65.    Instead, Plaintiffs and the members of the NYLL Class were paid only in cash, weekly, and without being issued any accompanying wage statements.

66.    Plaintiffs and the members of the NYLL Class were also never provided with any notice of their pay rate, as required by NYLL § 195(1).

**Uniform Maintenance Violation**

67.    Defendants required Plaintiffs and members of the NYLL Class to wear uniforms, which consisted of a shirt labeled with the BP brand, while they worked.  Defendants provided only two such shirts to each employee.

68.    The shirt was of a particular style determined by Defendants, including labels with the BP brand, which could not be worn as part of the NYLL Class members' ordinary wardrobe.

69.    The shirt Plaintiffs and the NYLL Class members were and are required to wear while working constituted a uniform within the meaning of the NYLL.

70.    Plaintiffs and the members of the NYLL Class were never reimbursed for the cost of cleaning the uniforms, as required by the New York State Hospitality Industry Wage Order 146-1.7.

**Individual Defendants and Corporate Defendants Are Joint Employers**

71.    Plaintiffs and the members of the FLSA Collective and NYLL Class are Cashiers, Attendants and Gas Pumpers who worked in BP gas stations owned and/or operated by Individual Defendants.  Cashiers, Attendants and Gas Pumpers performed substantially the same tasks and earned substantially similar wages.

72.    Plaintiffs and the members of the FLSA Collective and NYLL Class were responsible for, among other tasks, checking out customers, stocking, managing inventory, handling cash, cleaning and/or maintaining the gas station, and pumping gas.

73.     Upon information and belief, the Individual Defendants controlled the work performed by Plaintiffs and the members of the FLSA Collective and NYLL Class by, *inter alia*, performing routine inspections of their BP gas station locations, setting policies and procedures that were required to be followed by their employees and regulating employee behavior, such as by dictating employee uniforms and what employees were to say if asked questions about their hours of work.

74.     Similarly, upon information and belief, the Individual Defendants instruct employees on how to run their gas stations, and provide instruction regarding the creation and implementation of bookkeeping, accounting, inventory and general operating procedures.

75.     Defendants also have the power to hire and fire employees, supervise and control work schedule, and to determine the rate and method of payment.

76.     Upon information and belief, employees would be shared between and among the Individual Defendants' gas station locations, such as to cover for employees who were not able to come to work on a given shift if they were sick or needed time off.

77.     Moreover, Plaintiffs and the members of the FLSA Collective and NYLL Class performed work that is integral to Defendants' business, and the Corporate Defendants could not exist as businesses without their work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

78.     Plaintiffs Rob and Hossain bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly-situated persons that fall within in the following definition:

> All individuals who were employed by Defendants at one or more of the Corporate Defendant locations as Cashiers, Attendants and Gas Pumpers during the FLSA Collective Period.

79.     At all relevant times, Plaintiffs Rob and Hossain and the members of the FLSA Collective were similarly-situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' unlawful wage practices.

80.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

81.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, and 29 U.S.C. § 207 by not paying the appropriate overtime wages for all hours worked over 40 in a workweek.

82.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

83.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage, overtime wages owed, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

84.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 other persons similarly-situated to Plaintiffs that constitute the FLSA Collective.

## RULE 23 CLASS ACTION ALLEGATIONS

85.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who fall within the following definition:

> All individuals who were employed by Defendants at one or more of the Corporate Defendant locations as Cashiers, Attendants and Gas Pumpers during the NYLL Class Period.

86.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiffs and the NYLL Class members were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

87.     The NYLL Class, like Plaintiffs, has been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay minimum wage for all hours worked, failing to pay proper overtime wages for all hours worked over 40 hours each workweek, failing to pay wages for all hours worked, making unlawful deductions from wages, failing to make spread of hours payments, failing to provide accurate wage statements, failing to provide yearly notices of pay rates, and failing to make uniform maintenance payments.

88.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiffs and the NYLL Class, and that those duties were not exempt from the minimum wage, overtime requirements and other applicable provisions of the NYLL and/or its regulations.

89.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations.  Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the NYLL Class.

90.    As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL Class for the full amount of their unpaid minimum wages, unpaid overtime wages, straight time wages owed, "spread of hours" pay owed, amounts unlawfully deducted from wages, statutory damages owed, and costs of cleaning uniforms, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

91.    Certification of the NYLL Class's claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the NYLL Class.

92.    Plaintiffs have standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on them individually and on members of the NYLL Class.

93.    Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

94.    Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the NYLL Class and Defendants.

95.    Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among these questions are:

      a.    Whether Defendants employed Plaintiffs and the NYLL Class members within the meaning of the NYLL;

      b.    Whether Defendants failed to pay Plaintiffs and the NYLL Class minimum wage and overtime compensation for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

c.     Whether Defendants knew or should have known that Plaintiffs and the NYLL Class were engaged in off-the-clock work for which they were not compensated;

d.     Whether Defendants made unlawful deductions from the wages of Plaintiffs and the NYLL Class;

e.     Whether Defendants failed to pay Plaintiffs and the NYLL Class "spread of hours" wages;

f.     Whether Defendants provided Plaintiffs and the NYLL Class with wage statements and/or accurate wage statements;

g.     Whether Defendants provided Plaintiffs and the NYLL Class with yearly notices of their pay rate;

h.     Whether Defendants required Plaintiffs and the NYLL Class to clean and/or maintain uniforms without reimbursing them for the costs; and

i.     Whether Defendants' violations of the NYLL and/or its regulations were willful.

96.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

97.     Plaintiffs are members of the NYLL Class that they seek to represent. Plaintiffs' claims are typical of the claims of the NYLL Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein is also typical of the relief which is sought on behalf of the NYLL Class.

98.     Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case. Plaintiffs are willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.

99.     Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

100.    The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

101.    Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

102.    The common issues of fact and law affecting Plaintiffs' claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

103.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

104.    The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiffs and members the NYLL Class to pursue their claims individually.

105.    Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.

106.    The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.

107.    Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

108. The NYLL Class are so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 similarly-situated persons who were/are employed by Defendants as Cashiers, Attendants and Gas Pumpers during the NYLL Class Period.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206)**
*On Behalf of Plaintiffs Rob, Hossain and the FLSA Collective*

109. Plaintiffs Rob and Hossain, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

110. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

111. During the FLSA Collective Period, Defendants did not pay Plaintiffs Rob and Hossain and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants, including but not limited to all of their off-the-clock hours worked.

112. As a result of Defendants' failure to pay Plaintiffs Rob and Hossain and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

113. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

114. Defendants' violations of the FLSA have significantly damaged Plaintiffs Rob and Hossain and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of 29 U.S.C. § 207)
### *On Behalf of Plaintiffs Rob and Hossain and the FLSA Collective*

115.    Plaintiffs Rob and Hossain, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

116.    Throughout the FLSA Collective Period, Plaintiffs Rob and Hossain and the other members of the FLSA Collective regularly worked and continue to work in excess of 40 hours per workweek.

117.    At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs Rob and Hossain and the FLSA Collective at one and one-half times their hourly wage for all work in excess of 40 hours per workweek.

118.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs Rob and Hossain and the FLSA Collective at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of 40 hours per workweek.

119.    Due to Defendants' FLSA violations, Plaintiffs Rob and Hossain and the members of the FLSA Collective are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

## THIRD CAUSE OF ACTION
### (Failure to Pay Minimum Wage in Violation of NYLL §§ 650 *et seq.*)
### *On Behalf of Plaintiffs and the NYLL Class*

120.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

20

121.   The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

122.   During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

123.   As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

124.   The foregoing conduct of Defendants constitutes willful violations of the NYLL.

125.   Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of NYLL §§ 650 *et seq*.)**
***On Behalf of Plaintiffs and the NYLL Class***

126.   Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

127.   Throughout the NYLL Period, Plaintiffs and the other members of the NYLL Class regularly worked and continue to work in excess of 40 hours per workweek.

128.   At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the NYLL Class at one and one-half times their hourly wage for all work in excess of 40 hours per workweek.

129.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the NYLL Class at the required overtime rate, one and one-half times their hourly wage for all hours worked in excess of 40 hours per workweek.

130.    Due to Defendants' NYLL violations, Plaintiffs and the members of the NYLL Class are entitled to recover from Defendants damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and interest.

**FIFTH CAUSE OF ACTION**
**(Failure to Make Wage Payments in Violation of NYLL § 191)**
*On Behalf of Plaintiffs and the NYLL Class*

131.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

132.    Defendants failed to provide Plaintiffs and the members of the NYLL Class wages earned in accordance with the agreed upon terms of their employment by simply failing to pay Plaintiffs and the members of the NYLL Class all of the wages they are owed.

133.    Defendants did not have a good faith basis to believe that their failure to pay wages owed to Plaintiff and the members of the NYLL Class was in compliance with the law.

134.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the members of the NYLL Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs, and interest.

**SIXTH CAUSE OF ACTION**
**(Unlawful Deductions in Violation of NYLL § 193)**
*On Behalf of Plaintiffs and the NYLL Class*

135.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

136.    The NYLL prohibits covered employers, such as Defendants, from making deductions from the wages of any employee.

137.    Defendants made unlawful deductions and withholdings from the wages of Plaintiffs and the members of the NYLL Class when Defendants failed to pay them the wages they were owed.

138.    Defendants did not have a good faith basis to believe that their failure to pay the minimum wage was in compliance with the law.

139.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the members of the NYLL Class are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs, and interest.

### SEVENTH CAUSE OF ACTION
**(Failure to Provide Notifications of Wage Rate in Violation of NYLL § 195(1))**
*On Behalf of Plaintiffs and the NYLL Class*

140.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

141.    Defendants have willfully failed to supply Plaintiffs and the NYLL Class with notifications and acknowledgements of their wage rate as required by NYLL § 195(1), containing their rate of pay and overtime rate of pay; how the employee is paid; regular payday; official name of employer and any other names used for business; address and phone number of employer; and allowances taken as part of the minimum wage.

142.    Through their knowing or intentional failure to provide Plaintiffs and NYLL Class members with notifications and acknowledgements of their wage rate required by the NYLL, Defendants have willfully violated the NYLL.

## EIGHTH CAUSE OF ACTION
**(Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3) and 12 NYCRR § 141-2.2)**
*On Behalf of Plaintiffs and the NYLL Class*

143.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

144.    Defendants have willfully failed to supply Plaintiffs and the NYLL Class with accurate wage statements, as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

145.    Through their knowing or intentional failure to provide Plaintiffs and NYLL Class members with the accurate wage statements required by the NYLL, Defendants have willfully violated the NYLL.

146.    Due to Defendants' NYLL violations, Plaintiffs and NYLL Class members are entitled to statutory penalties of $250 for each workweek that Defendants failed to provide them with accurate wage statements, up to a total of $5,000.00, attorneys' fees, costs, and injunctive and declaratory relief.

## NINTH CAUSE OF ACTION
**(Failure to Make Spread of Hours Payments in Violation of 12 NYCRR § 142-2.4)**
*On Behalf of Plaintiffs and the NYLL Class*

147.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

148.    Plaintiffs and members of the NYLL Class regularly worked more than ten hours in a workday.

24

149.    Defendants failed to compensate Plaintiffs and members of the NYLL Class one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

150.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class members are entitled to recover from Defendants the "spread of hours" pay, liquidated damages, as well as attorneys' fees, costs, and interest.

### TENTH CAUSE OF ACTION
**(Failure to Pay Uniform Maintenance Requirement in Violation of Wage Order 146-1.7)**
***On Behalf of Plaintiffs and the NYLL Class***

151.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

152.    Defendants required Plaintiff and the NYLL Class to wear uniforms to work, which they had to clean and/or maintain at their own expense, in violation of the NYLL, including, but not limited to, New York State Hospitality Industry Wage Order 146-1.7.

153.    Defendants' failure to reimburse Plaintiffs and the NYLL Class for the costs of cleaning and maintaining the uniforms was willful.

154.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class are entitled to recover from Defendants the cost of the required uniform maintenance reimbursement, liquidated damages, as well as attorneys' fees, costs, and interest.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the NYLL Class, respectfully request that this Court:

A.    Declare that Defendants are joint employers of Plaintiffs, the FLSA Collective and the NYLL Class, and that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action maintainable as a collective action pursuant to 29 U.S.C. § 216;

C.      Designate Plaintiffs as representatives of their class, and their counsel of record as class counsel;

D.      Award Plaintiffs Rob and Hossain and the FLSA Collective damages against Defendants and in favor of Plaintiffs Rob and Hossain and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

E.      Award Plaintiffs Rob and Hossain and the FLSA Collective an additional equal amount as liquidated damages;

F.      Declare this action maintainable as a class action pursuant to Fed. R. Civ. P. 23;

G.      Award damages against Defendants and in favor of the Plaintiffs and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs and the NYLL Class an additional amount as liquidated damages;

I.      Award Plaintiffs, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

K.      Grant Plaintiffs, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons, hereby demand a trial by jury on all issues of fact and damages.

Dated:  July 27, 2016                    Respectfully submitted,
       New York, New York

                                 **WIGDOR LLP**

By: _____
                          David E. Gottlieb
                          Tanvir H. Rahman

                          85 Fifth Avenue
                          New York, NY 10003
                          Telephone:  (212) 257-6800
                          Facsimile:  (212) 257-6845
                          dgottlieb@wigdorlaw.com
                          trahman@wigdorlaw.com

                          *Attorneys for Plaintiffs, the Proposed FLSA Collective and NYLL Class*